Robert A. Bailey (# 214688)
  rbailey@afrct.com
E. Christine Hehir (# 201969)
  chehir@afrct.com
ANGLIN, FLEWELLING, RASMUSSEN,
  CAMPBELL & TRYTTEN LLP
199 South Los Robles Avenue, Suite 600
Pasadena, California 91101-2459
Telephone:  (626) 535-1900
Facsimile:  (626) 577-7764

Attorneys for Defendant WELLS FARGO
BANK, N.A., successor by merger with Wells
Fargo Bank Southwest, N.A., formerly known
as Wachovia Mortgage, FSB, formerly known
as World Savings Bank, FSB (sued as WELLS
FARGO HOME MORTGAGE, A DIVISION
OF WELLS FARGO BANK, N.A.) ("Wells
Fargo")

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA – OAKLAND DIVISION

| | |
|---|---|
| CHARLOTTE PENERMON, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>WELLS FARGO HOME MORTGAGE, A DIVISION OF WELLS FARGO BANK, N.A., a business entity; and DOES 1 through 50, inclusive,<br><br>Defendants. | CASE NO.:  4:14-CV-00065-KAW<br><br>[The Honorable Kandis A. Westmore]<br><br>**DEFENDANT WELLS FARGO BANK, N.A.'S NOTICE OF MOTION AND MOTION TO DISMISS THE COMPLAINT PURSUANT TO F.R.C.P. RULE 12(b)(6); MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Hearing<br><br>Date:     March 6, 2014<br>Time:     11:00 a.m.<br>Ctrm:    4, 3rd Floor |

**TO PLAINTIFF AND Her COUNSEL OF RECORD HEREIN:**

**PLEASE TAKE NOTICE** that on **March 6, 2014 at 9:00 a.m.** in **Courtroom 4** of the

above-entitled Court, located at 1301 Clay Street, Oakland, California 94612, the Honorable

Kandis A. Westmore presiding, Defendant WELLS FARGO BANK, N.A., successor by merger

*Anglin Flewelling Rasmussen Campbell & Trytten LLP*

1

with Wells Fargo Bank Southwest, N.A., formerly known as Wachovia Mortgage, FSB, formerly

known as World Savings Bank, FSB (sued as WELLS FARGO HOME MORTGAGE, A

DIVISION OF WELLS FARGO BANK, N.A.) ("Wells Fargo") will move for an order

dismissing the complaint of CHARLOTTE PENERMON (plaintiff) for failure to state a claim

pursuant to Rule 12(b)(6) and Rule 8 of the Federal Rules of Civil Procedure.

　　　　This motion is based on this notice, the memorandum of points and authorities, the

request for judicial notice, the pleadings and on Wells Fargo's argument at the hearing on this

motion, if any.

　　　　　　　　　　　　　　　　　　　　Respectfully submitted,

Dated:  January 13, 2014　　　　　　　　ANGLIN, FLEWELLING, RASMUSSEN,
　　　　　　　　　　　　　　　　　　　　CAMPBELL & TRYTTEN LLP


　　　　　　　　　　　　　　　　　　By:   _/s/ E. Christine Hehir_____
　　　　　　　　　　　　　　　　　　　E. Christine Hehir
　　　　　　　　　　　　　　　　　　　chehir@afrct.com
　　　　　　　　　　　　　　　　　　Attorneys for Defendant WELLS FARGO BANK,
　　　　　　　　　　　　　　　　　　N.A., successor by merger with Wells Fargo Bank
　　　　　　　　　　　　　　　　　　Southwest, N.A., formerly known as Wachovia
　　　　　　　　　　　　　　　　　　Mortgage, FSB, formerly known as World Savings
　　　　　　　　　　　　　　　　　　Bank, FSB ("Wells Fargo")

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

CASE NO. 3:14-CV-00065-KAW
DEFENDANT WELLS FARGO'S NOTICE OF
MOTION AND MOTION TO DISMISS

# **TABLE OF CONTENTS**

Page

MEMORANDUM OF POINTS AND AUTHORITIES .................................................................1

1. INTRODUCTION ..................................................................................................................1

2. SUMMARY OF COMPLAINT AND JUDICIALLY NOTICEABLE DOCUMENTS....................................................................................................................1

    A. The Loan .....................................................................................................................1

    B. Plaintiff's Claims Against Wells Fargo .....................................................................2

3. PLAINTIFF'S CLAIMS ARE PREEMPTED BY HOLA ...................................................3

    A. Wachovia Mortgage Was A Federally Chartered Federal Savings Bank, Operating Under HOLA At The Time Of Loan Origination .....................................3

    B. OTS Regulations Promulgated Under HOLA Preempt Any State Laws That Affect Lending .................................................................................................3

    C. Federal Regulations, The Loan Contracts And Prevailing Case Law Confirm That HOLA Preemption Applies Post Merger .........................................4

        1. The OTS Has Interpreted § 560.2 To Mean That HOLA Preemption Attaches To And Survives The Transfer Of A FSB-Originated Loan ...............................................................................................4

        2. Plaintiff Agreed That Her Loan Would Be Governed By HOLA, Whether It Was Held By The Originating FSB Or Someone Else .............6

    D. State Laws Preempted by HOLA ...............................................................................7

    E. The Application of HOLA Preempts Plaintiff's State Law Claims ...........................8

        1. The HBOR Is Preempted By Federal Law ...................................................8

        2. HOLA Preempts Non-HBOR Causes Of Action .......................................12

4. PLAINTIFF'S CLAIM OF WRONGFUL FORECLOSURE FOR VIOLATION OF CIVIL CODE §2924 ET SEQ. FAILS FOR A NUMBER OF REASONS .................13

    A. Plaintiff Fails To Allege Facts For This Claim ........................................................13

    B. Plaintiff Fails To Allege She Tendered Her Debt ....................................................15

    C. Even If Plaintiff Could Cite A Flaw in the Foreclosure Process, She Cannot Demonstrate That She Was Prejudiced By Any Purported Defect ...........15

    D. The Qualified Privilege Of §§2924(d) and 47 Defeats Plaintiff's Damage Claims .......................................................................................................16

    E. Plaintiff Fails To Allege Facts Sufficient To Overcome The Conclusive Presumption That The Trustee's Sale Was Held Fairly And Regularly ...............17

5. PLAINTIFF'S CLAIMS UNDER THE NEWLY ENACTED HBOR FAIL FOR A NUMBER OF REASONS ..............................................................................................18

    A. Wells Fargo Is In Compliance With The National Mortgage Settlement And Is Therefore Protected Under The Safe Harbor Provisions Of Civil Code § 2924.12 .......................................................................................................18

    B. Plaintiff Is Not Entitled To Relief Under Civil Code § 2923.6 (2nd) Because She Did Not Comply With The Statutory Requirements ........................19

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

C.      Plaintiff's Civil Code § 2923.7 Claim (3rd) Fails Because The Allegations
        Are Meritless.................................................................................................20

6.    PLAINTIFF'S FOURTH CLAIM FOR VIOLATION OF BUS. & PROF. CODE
      §17200 IS FLAWED AS WELL .............................................................................20

      A.      Plaintiff Fails To Allege Unlawful, Unfair or Fraudulent Conduct.....................20

      B.      Plaintiff Lacks Standing To State A Claim............................................................21

7.    PLAINTIFF'S DAMAGES CLAIM FAILS TO MEET THE PLEADING
      STANDARDS OF RULE 8 .......................................................................................22

8.    CONCLUSION..........................................................................................................23

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**FEDERAL CASES**

*Ashcroft v. Iqbal,*
   129 U.S. 1937 (2009).............................................................................22, 23

*Aspray v. Fed. Home Loan Mortg. Corp.,*
   2011 U.S. Dist. LEXIS 46029 (C.D. Cal. April 20, 2011) ...................................13

*Auer v. Robbins,*
   519 U.S. 452 (1997)..............................................................................................4

*Babb v. Wachovia Mortg.,*
   FSB, 2013 U.S. Dist. LEXIS 106228 (C.D. Cal. July 26, 2013)...........................7

*Banner v. Wells Fargo Bank,*
   2012 U.S. Dist. LEXIS 103737 (N.D. Cal. July 23, 2012)...................................12

*Bell Atlantic Corp. v. Twombly,*
   550 U.S. 544 (2007)............................................................................................23

*Bouyer v. Countrywide Bank, FSB*
   2009 U.S. Dist. LEXIS 53940 (N.D. Cal. Jun. 25, 2009)...................................17

*Davenport v. Litton Loan Servicing,*
   2010 U.S. Dist. LEXIS 71561, *24 (N.D. Cal. July 16, 2010)............................16

*DeCordova v Winterland Concessions Co.,*
   1992 U.S. Dist. LEXIS 13541 (N.D. Cal. July 7, 1992).....................................13

*DeLeon v. Wells Fargo Bank, N.A.,*
   2011 U.S. Dist. LEXIS 8296 (N.D. Cal. Jan. 28, 2011).....................................22

*DeLeon v. Wells Fargo Bank, N.A.,*
   729 F. Supp. 2d 1119 (N.D. Cal. 2010) .............................................................11

*Fidelity Fed. Sav. & Loan Ass'n v. de la Cuesta,*
   458 U.S. 141 (1982).............................................................................................5

*Gabali v. OneWest Bank, FSB,*
   2013 U.S. Dist. LEXIS 47193, 2013 WL 1320770 (N.D. Cal. March 29, 2013).....................9

*Gorton v. Wells Fargo Bank, N.A.,*
   2012 U.S. Dist. LEXIS 168158 (C.D. Cal. Nov. 27, 2012)..................................4

*Gorton v. Wells Fargo Bank N.A,*
   2013 U.S. Dist. LEXIS 86006 (C.D. Cal. June 3, 2013) (Selna, J.) .........................8

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

*Hayes v. Wells Fargo Bank, N.A.,*
  2013 U.S. Dist. LEXIS 115435 (N.D. Cal. Aug. 12, 2013)................................................4

*Kaplan v. Wells Fargo Bank, N.A.,*
  2013 U.S. Dist. LEXIS 109023 (C.D. Cal. July 30, 2013)............................................8, 4

*Lawther v. OneWest Bank,*
  2010 U.S. Dist. LEXIS 131090, *15 (N.D. Cal. Nov. 30, 2010)........................................16

*Long Island Care at Home, Ltd. v. Coke,*
  551 U.S. 158 (2007)..........................................................................................4

*Lothlen v. Wells Fargo Bank, N.A.,*
  2013 U.S. Dist. LEXIS 169294 (N.D. Cal. Nov. 26, 2013)..............................................4

*Marquez v. Wells Fargo Bank, N.A.,*
  2013 U.S. Dist. LEXIS 131364 (N.D. Cal. Sept. 13, 2013) ..........................................7, 9

*Mata v. Wells Fargo Bank, N.A.,*
  2013 U.S. Dist. LEXIS 108197 (C.D. Cal. July 31, 2013)..............................................7

*Nga Do. v. Wells Fargo Bank, N.A.,*
  2012 U.S. Dist. LEXIS 126768 (C.D. Cal. Aug 27, 2012)............................................12

*Nguyen v. Wells Fargo Bank, N.A.,*
  749 F. Supp. 2d 1022 (N.D. Cal 2010) ..............................................................21

*Parcray v. Shea Mortgage Inc.,*
  2010 U.S. Dist. LEXIS 40377 (E.D. Cal. Apr. 23, 2010)..............................................14

*Patel v. Mortg. Elec. Registration Sys.,*
  2013 U.S. Dist. LEXIS 110738 (N.D. Cal. Aug. 6, 2013)......................................13, 14, 15

*Roque v. Suntrust Mortg., Inc.,*
  2010 U.S. Dist. LEXIS 11546 (N.D. Cal. Feb. 9, 2010) ..............................................14

*Sanchez v. Wachovia Mortgage, FSB,*
  2011 U.S. Dist. LEXIS 2444 (S.D. Cal. Jan. 10, 2011)..............................................12

*Sato v. Wachovia Mortg., FSB,*
  2011 U.S. Dist. LEXIS 75418 (N.D. Cal. Jul 13, 2011)............................................11, 9

*Silvas v. E*Trade Mortg. Corp.,*
  514 F.3d 1001 (9th Cir. 2008) ......................................................................4, 7

*Snyder III v. Wachovia Mortg.,*
  2010 U.S. Dist. LEXIS 68956 (E.D. Cal. July 9, 2010) ..............................................17

*Stefan v. Wachovia, World Savings,*
  2009 U.S. Dist. LEXIS 113480 (N.D. Cal. Dec. 7, 2009)..............................................13

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

*Taguinod v. World Sav. Bank, FSB,*
  755 F. Supp. 2d 1064 (C.D. Cal. 2010) ...........................................................9

*Terrazas v. Wells Fargo Bank, N.A.,*
  2013 U.S. Dist. LEXIS 153046 (S.D. Cal. Oct. 23, 2013) ..............................4

*Winterbower v. Wells Fargo Bank, N.A.,*
  2013 U.S. Dist. LEXIS 44087 (C.D. Cal. Mar. 27, 2013) ..............................18

*Zarif v. Wells Fargo Bank, N.A.*
  2011 U.S. Dist. LEXIS 29867, at **8-9 (S.D. Cal 2011) ..............................11

**STATE CASES**

*Abdallah v. United Sav. Bank,*
  43 Cal. App. 4th 1101 (1996) ........................................................................15

*Aceves v. U.S. Bank, N.A.,*
  192 Cal. App. 4th 218 (2011) ..................................................................15, 16

*Cel-Tech Communications, Inc. v. Los Angeles Cellular Telephone Co.,*
  20 Cal. 4th 163 (1999) ..................................................................................21

*Clayworth v. Pfizer, Inc.,*
  49 Cal. 4th 758 (2010) ..................................................................................21

*Daro v. Superior Court,*
  151 Cal. App. 4th 1079 (2007) ......................................................................21

*Farmers Ins. Exch. v. Super. Ct.,*
  2 Cal. 4th 377 (1992) ....................................................................................21

*FCPI v. E&G Investments, Ltd.,*
  207 Cal. App. 3d 1018 (1989) ........................................................................15

*Gomes v. Countrywide Home Loans, Inc.,*
  192 Cal. App. 4th 1149 (2011) ......................................................................13

*Gray1 CPB, LLC v. Kolokotronis,*
  202 Cal. App. 4th 480 (2011) ..........................................................................7

*Hamilton v. Greenwich Investors XXVI, LLC,*
  195 Cal. App. 4th 1602 (2011) ......................................................................22

*Houge v. Ford,*
  44 Cal. 2d 706 (1955) ......................................................................................7

*Kachlon v. Markowitz,*
  168 Cal. App. 4th 316 (2008) ..................................................................16, 17

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

*Karlsen v. American Sav. & Loan Ass'n*,
  15 Cal. App. 3d 112 (1971) ..................................................................................15

*Knapp v. Doherty*,
  123 Cal. App. 4th 76 (2004) ................................................................................15

*Lona v. Citibank, N.A.*,
  202 Cal. App. 4th 89 (2011) ..........................................................................14, 15

*Lopez v. World Savs. & Loan Ass'n*,
  105 Cal. App. 4th 729 (2003) ................................................................................3

*Mabry v. Superior Court*,
  185 Cal. App. 4th 208 (2010) ........................................................................10, 11

*Moeller v. Lien*,
  25 Cal. App. 4th 822 (1994) ..........................................................................17, 18

*Nguyen v. Calhoun*,
  105 Cal. App. 4th 428 (2003) ..............................................................................17

*Smith v. Hatch*,
  271 Cal. App. 2d 39 (1969) ..................................................................................17

*Stebley v. Litton Loan Servicing, LLP*,
  202 Cal. App. 4th 522 (2011) ..............................................................................10

*Stop Youth Addiction, Inc. v. Lucky Stores, Inc.*,
  17 Cal. 4th 553 (1998) ........................................................................................21

*Weiss v. Washington Mutual Bank*,
  147 Cal. App. 4th 72 (2007) ..................................................................................4

**FEDERAL STATUTES**

12 U.S.C. § 1461, *et seq.*.............................................................................. passim

**STATE STATUTES**

Cal. Bus. & Prof. Code § 17200 ......................................................20, 21, 22

Cal. Bus. & Prof. Code § 17204 ............................................................21, 22

Cal. Civ. Code § 47...................................................................................16, 17

Cal. Civ. Code § 47(c)(1)..............................................................................16

Cal. Civ. Code § 2923.5 ........................................................................ passim

Cal. Civ. Code § 2923.55..........................................................................8, 9, 10

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

vi

Cal. Civ. Code § 2923.55(a)(3)...............................................................................19

Cal. Civ. Code § 2923.55(b)(2) ...............................................................................9

Cal. Civ. Code § 2923.6 ................................................................................. passim

Cal. Civ. Code § 2923.6(f).......................................................................................19

Cal. Civ. Code § 2923.6(h).......................................................................................19

Cal. Civ. Code § 2923.7 ................................................................................. passim

Cal. Civ. Code § 2923.7(a).......................................................................................20

Cal. Civ. Code § 2924..................................................................10, 12, 13, 18

Cal. Civ. Code § 2924 *et seq.*..............................................................................3, 13

Cal. Civ. Code § 2924(d)....................................................................................16, 17

Cal. Civ. Code § 2924.10(a)....................................................................................19

Cal. Civ. Code § 2924.10(b)....................................................................................19

Cal. Civ. Code § 2924.11..........................................................................................8

Cal. Civ. Code § 2924.12....................................................................................11, 18

Cal. Civ. Code § 2924.12(b)....................................................................................11

Cal. Civ. Code § 2924.12(g)....................................................................................18

Cal. Civ. Code § 2924.12(i)....................................................................................11

Cal. Civ. Code § 2924.17...............................................................................8, 9, 11

Cal. Civ. Code § 2924.17(c)....................................................................................11

Cal. Civ. Code § 2924(a)(1)(C)...............................................................................13

**RULES**

Fed. R. Civ. P. 8........................................................................................22, 23

Fed. R. Civ. P. 12(b)(6)............................................................................................22

**REGULATIONS**

12 C.F.R. § 545.2......................................................................................................3

12 C.F.R. § 560.2..............................................................................................4, 5, 7

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

12 C.F.R. § 560.2(b) ................................................................................4, 9, 10, 12

12 C.F.R. § 560.2(b)(4)............................................................................7, 8, 11, 12

12 C.F.R. § 560.2(b)(5)...........................................................................................7

12 C.F.R. § 560.2(b)(9)...........................................................................................7

12 C.F.R. § 560.2(b)(10)..............................................................................7, 8, 9, 12

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

# MEMORANDUM OF POINTS AND AUTHORITIES

## 1. INTRODUCTION

This action arises from a refinance loan made by Wells Fargo's predecessor, Wachovia Mortgage, FSB, to plaintiff in 2008 secured by a deed of trust on real property. In December 2012, plaintiff defaulted on the loan and Wells Fargo initiated and completed foreclosure proceedings almost one year later.

Plaintiff challenges the completed foreclosure by alleging Wells Fargo did not comply with the California non-judicial foreclosure statutes, including and primarily, the recently enacted Homeowner's Bill of Rights ("HBOR"), when reviewing her for a loan modification. However, plaintiff cannot prevail on these claims. First, the statutes on which plaintiff premises this action are preempted by the Home Owner's Loan Act ("HOLA"). Moreover, the statute does not apply to plaintiff where she fails to allege she submitted a completed loan modification application. Additionally, the National Mortgage Settlement Agreement, of which Wells Fargo is a signatory, provides a safe harbor for Wells Fargo from claims of HBOR violations where Wells Fargo is in compliance with the NMS. Finally, plaintiff cannot premise a wrongful foreclosure claim on alleged defects contained in the notice of default.

As discussed in more detail below, plaintiff's complaint is without merit and should be dismissed without leave to amend.

## 2. SUMMARY OF COMPLAINT AND JUDICIALLY NOTICEABLE DOCUMENTS

### A. The Loan

On or about February 2008, plaintiff obtained a refinance loan in the amount of $215,600.00 from Wachovia Mortgage, FSB, secured by a deed of trust recorded against the real property and improvements commonly described as 4533 San Carlos Ave., Oakland, CA 94601 (the "Property"). (Complaint ("Compl.") ¶8; Request for Judicial Notice ("RJN"), Exh. A ¶2 [Promissory Note]; Exh. B [Deed of Trust]).

In January 2008, World Savings changed its name to Wachovia Mortgage, FSB. It subsequently changed its name to Wells Fargo Bank Southwest, N.A., and, in November 2009, merged into Wells Fargo Bank, N.A. (RJN Exhs. C through G are true and correct copies of (i) a

1   Certificate of Corporate Existence issued by the Office of Thrift Supervision ("OTS"), (ii) a
2   letter dated November 19, 2007, on the letterhead of the OTS authorizing a name change,
3   (iii) the Charter of Wachovia Mortgage, FSB, and (iv) an Official Certification of the
4   Comptroller of the Currency stating that, effective November 1, 2009, Wachovia Mortgage, FSB
5   converted to Wells Fargo Bank Southwest, N.A., which then merged with and into Wells Fargo
6   Bank, N.A.; and (v) and a printout from FDIC website that evidence this corporate progression.

7        Plaintiff failed to make payments under the loan prompting Wells Fargo to have a notice
8   of default recorded on May 15, 2013.  (Compl. ¶17; RJN Exh. H [recorded copy of Notice of
9   Default]).  The Notice of Default identified a default amount of $9,441.65 as of May 16, 2013,
10  after failing to make the December 2012 payment.  (*See id.*).  NDEx West, LLC recorded a
11  substitution of trustee on May 16, 2013.  (RJN Exh. I [recorded copy of Substitution of Trustee]).
12  A notice of trustee sale, listing a sale date of September 10, 2013, was recorded on August 23,
13  2013.  (Compl. ¶37; Exh. J [recorded copy of Notice of Trustee Sale]).  The property was sold at
14  a foreclosure sale on September 16, 2013.  (Compl. ¶37; Exh. K [recorded copy of the Trustee
15  Deed Upon Sale]).

16  **B.**    **Plaintiff's Claims Against Wells Fargo**

17       Plaintiff's complaint is centered on purported violations of California Civil Code §2924
18  and the newly enacted Homeowner's Bill of Rights ("HBOR").  First plaintiff alleges Wells
19  Fargo conducted an illegal sale of the property because the Notice of Default contains defects
20  which reveal Wells Fargo did not know the nature of plaintiff's breach of the loan agreements.
21  (*See* Compl. ¶24).  Plaintiff alleges that as a result of these defects, she has suffered general
22  damages, including the loss of her home.  (¶26).

23       Plaintiff also alleges that she submitted a loan modification application in March 2013
24  and, either without providing plaintiff with a determination of the application (or giving her an
25  opportunity to appeal any decision) or while that application was pending, Wells Fargo recorded
26  a notice of default, recorded a notice of trustee sale and completed the trustee sale in violation of
27  HBOR.  (*See* Compl. ¶¶38).

28       Finally, plaintiff alleges her single point of contact with the bank did not communicate

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1 with plaintiff because she took an unreasonably long time to return calls and therefore could not

2 ensure that plaintiff was considered for all foreclosure prevention alternatives or insure that

3 plaintiff knew the current status of her loan modification.  (*See* Compl. ¶¶44-47).  According to

4 plaintiff, these failures to comply with HBOR caused her damages, including the loss of her

5 home.  (¶49).  Additionally, she seeks statutory damages.

6      Based on these allegations, plaintiff asserts four claims for relief: (1) violation of Civil

7 Code § 2924 *et seq.*; (2) violation of Civil Code § 2923.6; (3) violation of Civil Code § 2923.7;

8 and (4) violation of Business & Professions Code §17200.  For the reasons briefed herein,

9 plaintiff cannot prevail on her claims.

**3.   PLAINTIFF'S CLAIMS ARE PREEMPTED BY HOLA**

11      Frist and foremost, each of plaintiff's claims for relief are preempted by the federal Home

12 Owners' Loan Act, 12 U.S.C. 1461 *et seq.* ("HOLA").

13 **A.   Wachovia Mortgage Was A Federally Chartered Federal Savings Bank, Operating**

14      **Under HOLA At The Time Of Loan Origination**

15      Plaintiff obtained the loan from Wachovia Mortgage, FSB in 2008.  (RJN Exhs. A, B).

16 At that time, Wachovia Mortgage FSB was a federally chartered savings association regulated by

17 the Office of Thrift Supervision ("OTS").  (*See* RJN Exh. E [true and correct copy of a letter

18 from the OTS identifying World Savings Bank, FSB, known later as Wachovia Mortgage, FSB,

19 as a federal savings bank]).  As a federal savings bank, Wachovia Mortgage was organized and

20 operated under HOLA.  12 U.S.C. § 1461, *et seq.*  (RJN Exh. F - Section 4 of Wachovia's

21 Charter).

22 **B.   OTS Regulations Promulgated Under HOLA Preempt Any State Laws That Affect**

23      **Lending**

24      OTS regulations issued pursuant to HOLA are "intended to preempt all state laws

25 purporting to regulate any aspect of the lending operations of a federally chartered savings

26 association, whether or not the OTS has adopted a regulation governing the precise subject of the

27 state provision."  *Lopez v. World Savs. & Loan Ass'n*, 105 Cal. App. 4th 729, 738 (2003); *see*

28 *also* 12 C.F.R. § 545.2.  The preemption analysis under HOLA is simple under the OTS Final

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1  Rule at 61 Fed. Reg. 50951, 50966-67 (Sept. 30, 1996).  Step one determines whether the type of

2  state law at issue appears on the list set forth in 12 C.F.R. § 560.2(b).  If the type of state law in

3  question appears on the list, the analysis ends there and the law is preempted.  There is no step

4  two.

5        As the Ninth Circuit observed in *Silvas v. E*Trade Mortg. Corp.*, 514 F.3d 1001, 1004-

6  05 (9th Cir. 2008), the OTS's construction of its own regulation 560.2 "must be given controlling

7  weight."  The Court went on to declare that any presumption against preemption of state law

8  does not apply to HOLA, and that any doubt should be resolved in favor of preemption.  *Id.*  Any

9  doubt should be resolved in favor of preemption.  *Weiss v. Washington Mutual Bank*, 147 Cal.

10  App. 4th 72, 76-77 (2007).

11  **C.    Federal Regulations, The Loan Contracts And Prevailing Case Law[1] Confirm That**

12        **HOLA Preemption Applies Post Merger**

13        **1.    The OTS Has Interpreted § 560.2 To Mean That HOLA Preemption**

14              **Attaches To And Survives The Transfer Of A FSB-Originated Loan**

15        Courts must give deference to a federal agency's reasonable interpretation of its own

16  regulations.  *Auer v. Robbins*, 519 U.S. 452, 461 (1997).  This interpretation controls unless it is

17  plainly erroneous or inconsistent with the regulations.  *Long Island Care at Home, Ltd. v. Coke*,

18  551 U.S. 158, 170-71 (2007).  The OTS' interpretation of 12 C.F.R. § 560.2, as expressed in its

19  interpretive letters, "must be given controlling weight."  *Silvas,* 514 F.3d at 1005.

20        In Opinion Letter No. P-2003-5 (July 22, 2003) ("2003 OTS Opinion"), the OTS was

21

22

---

[1]  *See Terrazas v. Wells Fargo Bank, N.A.*, 2013 U.S. Dist. LEXIS 153046, *9 (S.D. Cal. Oct. 23,

23  2013) (HOLA has been "applied to conduct by a [non-HOLA-chartered] successor entity that

24  occurs *after* a federal savings bank merges with a national bank, where the loan was originated

    with a federal savings bank *before* the merger."); *Lothlen v. Wells Fargo Bank, N.A.,* 2013 U.S.

25  Dist. LEXIS 169294 (N.D. Cal. Nov. 26, 2013); *Hayes v. Wells Fargo Bank, N.A.*, 2013 U.S.

    Dist. LEXIS 115435, *13 (N.D. Cal. Aug. 12, 2013) ("Preliminarily, HOLA applies to this case

26  even though Wells Fargo  is not a federal savings association, because Plaintiff's loan originated

    with a federal savings bank, World Savings Bank"); *Kaplan v. Wells Fargo Bank, N.A.*, 2013

27  U.S. Dist. LEXIS 109023, *7, n.2 (C.D. Cal. July 30, 2013); *Gorton v. Wells Fargo Bank, N.A.*,

28  2012 U.S. Dist. LEXIS 168158, *12 (C.D. Cal. Nov. 27, 2012).

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1   asked whether HOLA preempted a state consumer law.  The OTS was specifically asked

2   "whether purchasers or assignees of loans originated by federal savings associations would be

3   subject to claims and defenses that would not apply to the federal savings association that

4   originated the loans." (RJN Exh. L at 7).[2]  The OTS answered that such purchasers and assignees

5   would be "subject *only to the same claims and defenses that would apply to the federal savings*

6   *association that originated the loan*." (*Id*. at 1 (emphasis added)).  It found:

> This result would be consistent with the general principle that **loan terms should not change simply because an originator entitled to federal preemption may sell or assign a loan to an investor that is not entitled to federal preemption**[.]

10  *Id*. at 7, fn. 18 (emphasis added).  This conclusion is consistent with Congress' mandate that

11  HOLA exclusively and comprehensively preempts the field. *Fidelity Fed. Sav. & Loan Ass'n v.*

12  *de la Cuesta*, 458 U.S. 141, 153 (1982).  It relied on, and is consistent with, an earlier opinion of

13  the OTS' predecessor agency:

> [S]uch preemption would exist regardless of whether the loans in question are sold by the federal association to a third party, are being serviced by a third party, or whether the escrow deposits are held at a federal association while the loans have been sold in the secondary market.

17  (RJN Exh. P (Op. Gen. Counsel, FHLBB (Aug. 13, 1985))).

18         These regulatory letters leave no doubt that if an originating FSB is not subject to a state

19  law claim because of HOLA preemption, then an assignee or purchaser of the loan also is not

20  subject to that claim because of HOLA preemption.  The agencies' interpretation of § 560.2 must

21  be given deference, and thus, Wells Fargo must be allowed to assert HOLA preemption to the

22  same extent as the predecessor FSB.

---

[2]   The OTS' post-Dodd-Frank successor, the OCC, announced that OTS' interpretations shall remain in effect unless specifically rescinded or modified, and that rescinded documents will be watermarked as such.  (RJN Exh. M (OCC 2011-47, OTS Integration Letter (Dec. 8, 2011)). The 2003 OTS Opinion has not been watermarked as rescinded and, therefore, remains controlling. (RJN Exhs. N, O).

2. **Plaintiff Agreed That Her Loan Would Be Governed By HOLA, Whether It Was Held By The Originating FSB Or Someone Else**

The federal regulators' directive that "loan terms should not change simply because" the loan is sold or otherwise transferred is consistent with the loan contract. By signing the deed of trust, plaintiff conferred certain rights on both World Savings ***and*** other entities that fell within the definition of "Lender:"

> [B]y signing this Security Instrument, **I am giving Lender . . . those rights that are stated in this Security Instrument** and also those rights that the law gives to Lenders who are beneficiaries of a deed of trust . . . . I am giving Lender . . . these rights to protect Lender from possible losses that might result if I fail to: . . . (iii) keep all of my other promises and agreements under this Security Instrument [and] the Secured Notes . . .

(RJN Exh. B at 2 ¶II (emphasis added)).

"Lender" is defined in the note as "WACHOVIA MORTGAGE, FSB, a FEDERAL SAVINGS BANK, ITS SUCCESSORS AND/OR ASSIGNEES, or anyone to whom the note is transferred." (RJN Exh. A ¶1; *id.* Exh. B ¶1(C) (deed of trust defines "Lender" as WACHOVIA MORTGAGE, FSB, ITS SUCCESSORS AND/OR ASSIGNEES)). Plaintiff thus knew that the loan might change hands, either because the loan or World Savings itself might be sold. In such event, she agreed that "any Person who takes over Lender's rights or obligations under this Security Instrument will have all of Lender's rights . . . ." (RJN Exh. C at 8 ¶11).

The "Lender's rights or obligations under this Security Agreement" included plaintiff's agreement that the "governing law" would include "federal law and federal rules and regulations including those for federally chartered savings institutions . . .":

> GOVERNING LAW; SEVERABILITY. [¶] This Security Instrument and the Secured notes shall be governed by and construed under federal law and federal rules and regulations, including those for federally chartered savings institutions ("Federal Law") . . . .

(RJN Exh. B (deed of trust) at 9 ¶15 (emphasis omitted); *see also id.* Exh. A (note) at 5 ¶13 ("This Note shall be governed by and construed under federal law and federal rules and regulations including those for federally chartered savings institutions, called 'Federal Law.'"). When plaintiff signed these instruments, "Federal Law" included HOLA, its regulations, and

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

§ 560.2.  Neither instrument contains language suggesting that HOLA would cease to "govern[]" (and accordingly that the contract would be rewritten) if a non-FSB became the "Lender."

The "object and meaning of the parties' contract must be determined by their intent at the time of its execution . . . ."  *Houge v. Ford*, 44 Cal. 2d 706, 713 (1955).  Here, plaintiff agreed that anyone qualifying as a "Lender" would have the right to assert World Savings' contractual rights, including the governing law provision.  Wells Fargo is, undisputedly, now the "Lender."  A finding that Wells Fargo cannot assert HOLA would defy the time-honored rule that courts must give force and effect to every clause in the contract.  *Gray1 CPB, LLC v. Kolokotronis*, 202 Cal. App. 4th 480, 487 (2011).

In *Mata v. Wells Fargo Bank, N.A.*, 2013 U.S. Dist. LEXIS 108197 (C.D. Cal. July 31, 2013), the court held that the "fact that World Savings Bank merged in [sic] Wachovia and later merged into Wells Fargo does not render HOLA inapplicable."  *Id*. at *11-12.  The deed of trust "states that the instrument 'shall be governed under federal law and federal rules and regulations including those for federally chartered savings institutions,'" and plaintiffs "contracted with a Federal Savings Bank" and "agreed to be bound by such laws under the terms of the trust deed."  *Id*. at *11-12.  Thus, Wells Fargo could assert HOLA preemption.[3]

## D.     State Laws Preempted by HOLA

The *Silvas* Court also described the HOLA regulations as "so pervasive as to leave no room for state regulatory control."  *Id*.  Among those "pervasive" regulations are OTS regulations 560.2(b)(4), (5), (9) and (10), which preempt state laws that "would impose requirements on federal savings banks regarding":

> The terms of credit, including amortization of loans and the deferral and capitalization of interest and adjustments to the interest rate, balance, payments due, or term to maturity of the loan; . . .  12 C.F.R. § 560.2(b)(4)

> Loan-related fees, including without limitations, initial charges, late charges, prepayment penalties, servicing fees, and overlimit fees . . . 12 C.F.R. § 560.2(b)(5)

---

[3]  *See also, Marquez v. Wells Fargo Bank, N.A.*, 2013 U.S. Dist. LEXIS 131364 (N.D. Cal. Sept. 13, 2013); *Babb v. Wachovia Mortg.*, FSB, 2013 U.S. Dist. LEXIS 106228, 11-13 (C.D. Cal. July 26, 2013).

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1    Processing, origination, servicing, sale or purchase of, or investment or
2    participation in, mortgages; . . . 12 C.F.R. § 560.2(b)(10)

3   **E.    The Application of HOLA Preempts Plaintiff's State Law Claims**

4        Plaintiff's state law claims relate to "processing" or "servicing" of the loan.  Specifically,

5   the state law claims are based on the conduct of Wells Fargo in reviewing, processing, and

6   handling plaintiff's loan and his requests for a loan modification.  Case law readily applies

7   HOLA to these kinds of state law claims, regardless of the precise name a plaintiff attaches to

8   them.

9        **1.    The HBOR Is Preempted By Federal Law**

10       Plaintiff's claims for relief all seemingly involve HBOR claims.[4]  HBOR is codified

11   generally in Civil Code §§ 2923.5, 2923.55, 2923.6, 2923.7, 2924.11, and 2924.17.

12       HBOR sets forth detailed obligations and restrictions on Wells Fargo's loan servicing.

13   (*See generally*, Cal. Civ. Code §§ 2923.5, 2923.55, 2923.6, 2923.7 2924.11).  These obligations

14   under HBOR are preempted by 12 C.F.R. § 560.2 (b)(4) and (10).  In addressing HOLA

15   preemption of HBOR claims the court in *Gorton,* 2013 U.S. Dist. LEXIS 86006 at *11, held:

16       Plaintiff's HBOR claim is based solely on communications regarding and
         actions or omissions related to either Plaintiff's application for loan
17       modification, Wells Fargo's denial of that application, or Plaintiff's appeal
         of the denial. (¶¶ 41-48.) Thus, the Court concludes that it falls within the
18       preemptive scope of § 560.2(b)(4), which applies to "state laws purporting
         to impose requirements regarding . . . (4) the terms of credit, . . . including
19       the circumstances under which a loan may be called due and payable upon
         the passage of time or a specified event external to the loan." *Id.*
20       Moreover, were it not within these confines, the Court would have no
         difficulty concluding that the law "affects lending" and that it is not
21       otherwise saved from preemption by any subsection (c) category.

22       The court in *Kaplan v. Wells Fargo Bank, N.A.,* 2013 U.S. Dist. LEXIS 109023, *8-9

23   (C.D. Cal. July 30, 2013) (Fees, J.), reached the same conclusion holding:

24       Here, Plaintiffs' claims for fraudulent misrepresentation, promissory
         estoppel, negligent misrepresentation, and violation  [*9] of the HBOR all
25       arise out of Defendants' alleged representation that they would "review
         plaintiffs for [the Home Affordable Modification Program ('HAMP')]" and
26       their subsequent failure to do so. (FAC ¶¶ 120, 135-137, 147.) Each of

27   ─────────────────
     [4]  It is unclear whether plaintiff's first claim for relief alleges HBOR violations in addition to the
28   specific allegations of defects in the Notice of Default.  (*See* Compl. ¶¶23-24).

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

these claims is therefore premised on Defendants' alleged misconduct in "[p]rocessing, originat[ing], servicing . . . or participati[ng] in, mortgages"--activities *subsection (b)* explicitly identifies as subject to HOLA preemption. *12 C.F.R. § 560.2(b)*.

In *Marquez,* 2013 U.S. Dist. LEXIS 131364 at *13-17, the court likewise ruled:

> The court finds that the first through fourth causes of action, which allege various violations of the HBOR, are preempted by HOLA. In the first cause of action, plaintiffs assert that they were "available to meet with mortgagee, trustee, beneficiary, or authorized agent to explore available options to avoid foreclosure[,]" but that despite this "availability," defendants "failed to attempt to contact" them in order to comply with the requirements of Civil Code § 2923.55(b)(2). See Cplt ¶¶ 26-30. Claims for violation of Civil Code § 2923.5 (the predecessor of § 2923.55) are preempted by HOLA because they fall "squarely within the scope of HOLA's Section 560.2(b)(10)." *Taguinod v. World Sav. Bank, FSB, 755 F. Supp. 2d 1064, 1073 (C.D. Cal. 2010) (citing cases).*

> In the second cause of action, plaintiffs allege that defendants filed the Notice of Default without first making a written determination that plaintiffs were not eligible for a loan modification, or that plaintiffs were offered a loan modification but rejected it, or that plaintiffs accepted a loan modification but defaulted on the new loan, in violation of Civil Code § 2923.6. Cplt ¶¶ 36-40.  Courts have found that claims for violations of § 2923.6 are preempted by HOLA.  *See, Sato v. Wachovia Mortg., FSB,* 2011 U.S. Dist. LEXIS 75418, 2011 WL 2784567 at *7 (N.D. Cal. Jul. 13, 2011)  [*15] (claim that lender violated California Civil Code § 2923.6 by failing to modify her loan preempted by HOLA under provisions for "processing, origination, sale or purchase of . . . mortgages" and "terms of credit").n1

> In the third cause of action, plaintiffs assert that "although they have asked to be reviewed for alternatives to foreclosure, they have never been assigned a 'single point of contact' to provide them assistance in applying for potential foreclosure alternatives," as required by Civil Code § 2923.7. Thus, they allege, they have in effect never been given a meaningful opportunity to apply for, and receive, a loan modification offer.  Cplt ¶¶ 43-46.  The court finds that this cause of action is preempted by HOLA, as it imposes requirements on "processing" or "servicing" of mortgages, or on the "terms of credit," and also seeks to impose an obligation that affects lending. It is further preempted to the extent that plaintiffs allege that Wells Fargo was [*16] required to offer a loan modification.  *See, e.g., Gabali v. OneWest Bank, FSB,* 2013 U.S. Dist. LEXIS 47193, 2013 WL 1320770 at *10 (N.D. Cal. March 29, 2013).

> In the fourth cause of action, plaintiffs allege that the declaration attached to the Notice of Default falsely stated that defendants had complied with the "due diligence" requirements of Civil Code § 2923.55 prior to filing the Notice of Default.  Plaintiffs assert that this failure to contact them violated Civil Code § 2924.17.  Section 2924.17 prohibits the practice of robo-signing, in which servicers sign foreclosure documents without determining the right to foreclose.  Plaintiffs do not allege that Wells Fargo engaged in "robo-signing."  Rather, this claim relates back to the

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

first cause of action for violation of § 2923.55.  The court finds that this cause of action is preempted by HOLA, as it imposes requirements on the "processing" and "servicing" of mortgages.n2.

Given the additional remedies now available to borrowers for alleged violations of the HBOR, a finding of preemption by HOLA is also warranted by the holding in *Mabry v. Superior Court*, 185 Cal. App. 4th 208, 226-32 (2010).

Prior to January 1, 2013, the *only* remedy available for a violation of the non-judicial foreclosure laws codified under Civil Code §§ 2923.5 and 2924 *et seq*. was equitable relief (*i.e.*, an order enjoining the foreclosure sale (prospectively) or rescinding it (retrospectively)).  There was no right to, for example, a loan modification or monetary damages.  *Mabry*, 185 Cal. App. 4th at 232.  As a result, the *Mabry* court held that § 2923.5 was not preempted by HOLA. *Id*. at 231.  In beginning its analysis of the preemption issue, the Court of Appeal noted:

A remarkable aspect of section 2923.5 is that is appears to have been carefully drafted to avoid bumping into federal law, *precisely because it is limited* to affording borrowers only more time when lenders do not comply with the statute.

*Id.* at 226 (emphasis added).  The Court appeared to go out of its way to narrowly construe the impact of the requirements set forth in § 2923.5 so as to avoid federal preemption.  "We emphasize that we are able to come to our conclusion that section 2923.5 is not preempted by federal banking regulations because it *is*, or can be construed to be, very narrow."  *Id.* at 231 (emphasis in original).  When examining the lender's obligations under the statute to "assess" and "explore," the court held that these words "must be narrowly construed *in order to avoid crossing the line* from state foreclosure law into federally preempted loan servicing." *Id.* at 232 (emphasis added).[5]  Moreover, the court found that preemption was not warranted "*because the remedy for noncompliance is a simple postponement of the foreclosure sale, nothing more,*" a

---

[5]  In *Stebley v. Litton Loan Servicing, LLP*, 202 Cal. App. 4th 522 (2011), the Court of Appeal acknowledged that the limited relief available under Civil Code § 2923.5 saved it from colliding with federal preemption.  "However, Civil Code section 2923.5 does not provide for damages, or for setting aside a foreclosure sale, nor could it do so without running afoul of federal law, that is, the Home Owners' Loan Act (12 U.S.C. § 1461 et seq.; HOLA), and implementing regulations (12 C.F.R. § 560.2(b) (2011))." *Id.* at 526 (citations omitted).

1   distinction the court " emphasize[d]." *Id.* at 214 (emphasis added).

2       Given the substantial additional remedies now available for violation of the HBOR, a

3   narrow interpretation cannot possibly save the statute from preemption. *See* Cal. Civ. Code §§

4   2924.12, 2924.17.  These new remedies are quite unlike the limited relief available under §

5   2923.5.  For example, Civil Code section 2924.12(b) provides for the imposition of monetary

6   damages against a lender or servicer, up to $50,000:

7       If the court finds that the material violation was intentional or reckless, or resulted
        from willful misconduct by a mortgage servicer, mortgagee, trustee, beneficiary,
8       or authorized agent, the court may award the borrower the greater of treble actual
        damages or statutory damages of fifty thousand dollars ($50,000).

9

10      Additionally, a lender may now be required to pay attorney's fees to a borrower *who*

11  *merely obtained injunctive relief* in an action brought to enforce section 2924.17.  Cal. Civ. Code

12  § 2924.12(i).  Even the government may now seek to impose civil penalties, up to $7,500 per

13  mortgage, against a lender for "multiple and repeated uncorrected violations."  Cal. Civ. Code §

14  2924.17(c).  Since the remedies that can be imposed for violation of the HBOR exceed a "simple

15  postponement," it cannot escape preemption under HOLA.  Thus, the newly enacted statute is

16  preempted under federal law and cannot impose any affirmative obligations on Wells Fargo.

17  The HBOR claims should be dismissed.

18      To the extent that plaintiff's HBOR claims relate to the alleged failure to modify the loan

19  they are likewise preempted by 12 C.F.R. § 560.2(b) (4) "terms of credit" and (10)  "Processing,

20  origination [and] sale…of… mortgages."  *DeLeon v. Wells Fargo Bank, N.A.*, 729 F. Supp. 2d

21  1119, 1126-1128 (N.D. Cal. 2010) (plaintiffs' claim that the lender proceeded to sale without

22  concluding modification discussions were preempted relating to the "processing" and "servicing"

23  of the subject mortgage); *Sato v. Wachovia Mortg.*, FSB, 2011 U.S. Dist. LEXIS 75418, at *20

24  (N.D. Cal. Jul 13, 2011) (dismissing claim alleging lender failed to modify her loan, as it "clearly

25  falls under the preemption provisions for 'processing, origination, sale or purchase of ...

26  mortgages' and 'terms of credit.'"); *Zarif v. Wells Fargo Bank, N.A.* 2011 U.S. Dist. LEXIS

27  29867, at **8-9 (S.D. Cal 2011). ("each of Plaintiffs' claims specifically challenge the

28  processing of Plaintiffs' loan modification application and servicing of Plaintiffs' mortgage, and

1  fall within the specific types of preempted state laws listed in § 560.2(b)(4) & (10)… For this

2  reason alone, the complaint is dismissed…").

3      Thus, the newly enacted statute is preempted under federal law and cannot impose any

4  affirmative obligations on Wells Fargo.  Since all plaintiffs' claims are based upon HBOR, the

5  entire complaint should be dismissed with prejudice.

6      **2.      HOLA Preempts Non-HBOR Causes Of Action**

7      As indicated above, plaintiff's causes of action are primarily based on the alleged

8  violation of Civil Code § 2923.6 and §2923.7.  However, even if plaintiff did not rely on HBOR

9  to allege her claims, they would still be preempted given the nature of the alleged wrongdoing

10  because they challenge Wells Fargo's servicing and foreclosure process.  Such allegations are

11  preempted by HOLA.

12      Courts hold that servicing and foreclosure claims are expressly preempted by HOLA.

13  For example, in *Nga Do. v. Wells Fargo Bank, N.A.*, 2012 U.S. Dist. LEXIS 126768, at *15

14  (C.D. Cal. Aug 27, 2012), the court found "The FAC alleges that someone at Wells Fargo  told

15  Plaintiff that the foreclosure sale had been postponed.  However, HOLA regulation 12 C.F.R. §§

16  560.2(b)(4) covers the 'terms of credit, including . . . . the circumstances under which a loan may

17  be called due and payable upon the passage of time' (i.e., foreclosure), and 12 C.F.R. §§

18  560.2(b)(10) covers the 'processing [or] servicing' of the loan, such as queries regarding

19  foreclosure'"); *see also Banner v. Wells Fargo Bank,* 2012 U.S. Dist. LEXIS 103737, at * 26-28

20  (N.D. Cal. July 23, 2012) (claims seeking to prevent foreclosure "triggers section 560.2(b)(10)

21  relating to the 'processing [and] servicing of mortgages,' because nothing relates to loan

22  servicing more than a bank's right to collect payments and foreclose"); *see also Sanchez v.*

23  *Wachovia Mortgage, FSB*, 2011 U.S. Dist. LEXIS 2444, *17-19 (S.D. Cal. Jan. 10, 2011)

24  (claims based on allegations that the foreclosure proceedings were improper (alleged violations

25  of former Civil Code § 2923.5 and Civil Code § 2924) were preempted because they fell "within

26  the purview of section 560.2(b), as they attack the initiation of the state foreclosure process

27  under California Civil Code § 2924" … "Specifically, Plaintiff's claims of misconduct

28  surrounding the foreclosure proceedings clearly fall under the preemption provisions for

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1   "processing, origination, sale or purchase of ... mortgages" and "disclosure."); *Stefan v.*

2   *Wachovia, World Savings*, 2009 U.S. Dist. LEXIS 113480, *3 (N.D. Cal. Dec. 7, 2009)

3   ("Plaintiff's claims of misconduct surrounding the foreclosure proceedings clearly fall under the

4   preemption provisions for 'processing, origination, sale or purchase of . . . mortgages' and

5   'disclosure'").

6   **4.   PLAINTIFF'S CLAIM OF WRONGFUL FORECLOSURE FOR VIOLATION OF**

7   **CIVIL CODE §2924 ET SEQ. FAILS FOR A NUMBER OF REASONS**

8          The nature of plaintiff's first claim alleges Wells Fargo wrongfully foreclosed on the

9   property in violation of California Civil Code § 2924 et seq. is decidedly unclear. (*See* Compl.

10  ¶¶22-27).  Plaintiff seeks to recover actual damages, attorneys' fees and punitive damages,

11  though she does not provide a basis for such relief.  Moreover, in addition to basing the claim

12  generically on the "entire course of Defendant's conduct alleged above" (¶23), presumably the

13  purported violation of HBOR (discussed below), plaintiff asserts that Wells Fargo wrongfully

14  foreclosed because errors in the notice of default reflect that Wells Fargo did not know the

15  nature of plaintiff's breach (¶¶23-24).  However, she does not allege any statute upon which to

16  base a claim for such defects.  As discussed below, plaintiff fails to establish a claim for

17  wrongful foreclosure in violation of Civil Code § 2924.

18  **A.   Plaintiff Fails To Allege Facts For This Claim**

19          As a preliminary matter, there is no private right of action under California Civil Code §

20  2924 for wrongful foreclosure.  *See Gomes v. Countrywide Home Loans*, Inc., 192 Cal. App. 4th

21  1149, 1155 (2011); *see also Aspray v. Fed. Home Loan Mortg. Corp.,* 2011 U.S. Dist. LEXIS

22  46029, *11 (C.D. Cal. April 20, 2011) (stating that there is no private right of action under

23  Section 2924); *DeCordova v Winterland Concessions Co.,* 1992 U.S. Dist. LEXIS 13541, *5

24  (N.D. Cal. July 7, 1992).  Thus, plaintiff's vague allegations of defects in the notice of default

25  cannot provide a basis for this claim.

26          Moreover, as this Court noted in *Patel v. Mortg. Elec. Registration Sys*., 2013 U.S. Dist.

27  LEXIS 110738, *23-24 (N.D. Cal. Aug. 6, 2013), a "wrongful foreclosure is an action in equity,

28  in which a plaintiff seeks to set aside an 'illegal, fraudulent, or willfully oppressive sale of real

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1  property pursuant to a power of sale in a mortgage or deed of trust,' or prevent such a sale from

2  occurring." (Citing *Lona v. Citibank, N.A.*, 202 Cal. App. 4th 89, 104 (2011)).  Thus, to state a

3  claim for wrongful foreclosure, the plaintiff must plead that:

> '(1) the trustee or mortgagee caused an illegal, fraudulent, or willfully
> oppressive sale of real property pursuant to a power of sale in a mortgage
> or deed of trust; (2) the party attacking the sale (usually but not always the
> trustor or mortgager) was prejudiced or harmed; and (3) in cases where the
> trustor or mortgagor challenges the  sale, the trustor or mortgagor tendered
> the amount of the secured indebtedness or was excused from tendering.'.
> *Id.*

8  *Id.*

9      Plaintiff fails to allege that the completed foreclosure sale was "illegal, fraudulent or

10  willfully oppressive" as a result of the purported defects in the notice of default.  Moreover, as

11  discussed below, she certainly fails to allege that she was prejudiced by these alleged errors.  For

12  instance, she does not allege that but for the wrong amount of the arrears, she would have cured

13  the default.  Nor does she allege that she attempted to tender the arrears or the amount of the

14  debt.

15      In addition, a plaintiff cannot prevail on a wrongful foreclosure where she breached the

16  note and deed of trust.  As explained in *Parcray* v. *Shea Mortg. Inc.*:

> '[a]n action for the tort of wrongful foreclosure will lie [only] if the trustor
> or mortgagor can establish that at the time the power of sale was exercised
> or the foreclosure occurred, no breach of condition or failure of
> performance existed on the mortgagor's or trustor's part which would
> have authorized the foreclosure or exercise of the power of sale.' (internal
> citations omitted.) ... Without such an assertion plaintiff is unable to raise
> a wrongful foreclosure claim ....

21  *Parcray v. Shea Mortgage Inc.,* 2010 U.S. Dist. LEXIS 40377, *13 (E.D. Cal. Apr. 23, 2010);

22  *see also Roque v. Suntrust Mortg., Inc.*, 2010 U.S. Dist. LEXIS 11546, *4 (N.D. Cal. Feb. 9,

23  2010).

24      Here, plaintiff admittedly failed to make her payments.  This failure is what resulted in

25  the commencement of the foreclosure process, the recording of the foreclosure notices, and the

26  foreclosure sale.  Because plaintiff breached her obligations under the Note and Deed of Trust,

27  the foreclosure proceedings were warranted and she cannot pursue this cause of action for

28  wrongful foreclosure.

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

**B.** **Plaintiff Fails To Allege She Tendered Her Debt**

Notwithstanding the previously identified flaws with this claim, this claim additionally fails because plaintiff failed to tender the outstanding debt. A party seeking either to set aside a completed foreclosure sale or to state a claim for wrongful foreclosure must tender the debt and allege it in her complaint. *Abdallah v. United Sav. Bank*, 43 Cal. App. 4th 1101, 1109 (1996) (a plaintiff is "required to allege tender of the amount of [the] secured indebtedness in order to maintain <u>any</u> cause of action for irregularity in the sale procedure."); *FCPI v. E&G Investments, Ltd.*, 207 Cal. App. 3d 1018, 1022 (1989) ("The rationale behind the [tender] rule is that if plaintiffs could not have redeemed the property had the sale procedures been proper, any irregularities in the sale did not result in damages to the plaintiffs."); *Karlsen v. American Sav. & Loan Ass'n*, 15 Cal. App. 3d 112, 121 (1971) (a tender of one's debt is necessary for a cause of action "implicitly integrated" to the sale process); *see also Patel,* 2013 U.S. Dist. LEXIS 110738 at *23-24 (citing *Lona*, 202 Cal. App. 4th at 104).

The complaint fails to allege such a tender. Furthermore, plaintiff does not allege any facts indicating that she has the ability to amend and, *in good faith*, allege a tender of the debt. Accordingly, to the extent plaintiff is seeking to set aside the trustee sale with this claim, the failure to tender is fatal.

**C.** **Even If Plaintiff Could Cite A Flaw in the Foreclosure Process, She Cannot Demonstrate That She Was Prejudiced By Any Purported Defect**

In order to prevail on her claims regarding deficiencies in the notice of default, plaintiff must show that she suffered prejudice from these purported violations. *Knapp v. Doherty*, 123 Cal. App. 4th 76, 93-94 (2004) (upholding a foreclosure sale against technical objections to the notice requirements because "[t]here was no prejudicial procedural irregularity."); *Patel v.* 2013 U.S. Dist. LEXIS 110738 at *23-24 (citing *Lona*, 202 Cal. App. 4th at 104). This "resulting prejudice" requirement was recently affirmed in *Aceves v. U.S. Bank, N.A.*, 192 Cal. App. 4th 218, 232 (2011), wherein the California Court of Appeal affirmed the trial court's sustaining of demurrers related to an irregularity in the notice of default in that case, where the notice of default named the wrong beneficiary. The court ruled that "[a]lthough this contention is

1    factually correct, it is of no legal consequence.  *Aceves* did not suffer any prejudice as a result of

2    the error."  *See also Davenport v. Litton Loan Servicing,* 2010 U.S. Dist. LEXIS 71561, *24

3    (N.D. Cal. July 16, 2010); *Lawther v. OneWest Bank*, 2010 U.S. Dist. LEXIS 131090, *15 (N.D.

4    Cal. Nov. 30, 2010) (emphasizing that a plaintiff must provide allegations that *the statutory*

5    *violation itself*, not just the foreclosure, was the cause of injury).

6         In the present action, plaintiff seeks to seize upon some non-existent defect in the

7    foreclosure mechanics, yet as in the above cases, plaintiff does not explain how she was possibly

8    prejudiced by any defects in the notice of default.  Plaintiff never disputes that she defaulted on

9    the loan, nor does she claim to have made any payments to Wells Fargo since the alleged

10   February 2013 payment.  Equally important, plaintiff does not contend that she was prevented

11   from curing the delinquency and reinstating the loan at any time.  Put quite simply, the property

12   was foreclosed on because no mortgage payment was made for a protracted period – not due to

13   the alleged conduct of Wells Fargo.

14        Plaintiff's technical challenge to the alleged defect in the notice of default is therefore

15   defective and should be dismissed.

16   **D.    The Qualified Privilege Of §§2924(d) and 47 Defeats Plaintiff's Damage Claims**

17        Even if plaintiff alleged wrongs in the foreclosure statutes, any claim for "general

18   damages" as a result of purported errors in the recording the notice of default, fails as Wells

19   Fargo was privileged in taking steps to commence the foreclosure.  For instance, statutorily

20   required mailings, publication, and delivery of notices in connection with a non-judicial

21   foreclosure, and the performance of any statutory procedures by a trustee and beneficiary, are

22   "privileged communications under the qualified, common-interest privilege of [Civil Code]

23   Section 47, subdivision (c)(1)."  *Kachlon v. Markowitz*, 168 Cal. App. 4th 316, 333 (2008).

24        As the beneficiary under the deed of trust, Wells Fargo and its trustee were protected by

25   a qualified privilege when publishing and delivering any notices in the non-judicial foreclosure,

26   and in performing any statutory foreclosure procedures.  The privilege "can only be lost when

27   the publication was motivated by hatred or ill will or by a showing that the defendant lacked

28   reasonable grounds for belief in the truth of the publication and therefore acted in reckless

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

disregard of the plaintiff's rights." *Id.* at 336. Any pleadings seeking to pierce this privilege

must contain affirmative allegations of malice. *Smith v. Hatch*, 271 Cal. App. 2d 39, 47 (1969).

Here, plaintiff fails to allege any facts that indicate that Wells Fargo acted with malice.

Absent facts demonstrating actual malice, plaintiff's request for damages in connection with the

recording of the foreclosure instruments fails. *Snyder III v. Wachovia Mortg.*, 2010 U.S. Dist.

LEXIS 68956, *18 (E.D. Cal. July 9, 2010) ("Subsection (d) of California Civil Code section

2924 . . . renders as California Civil Code section 47 'privileged communications' the 'mailing,

publication, and delivery' of foreclosure notices and 'performance' of foreclosure procedures. . .

. Wachovia's alleged wrongs are subject to section 2924(d) immunity."); *Bouyer v. Countrywide

Bank, FSB,* 2009 U.S. Dist. LEXIS 53940, *18-20 (N.D. Cal. Jun. 25, 2009). Plaintiff's claims

regarding the recorded instruments are not actionable.

**E.** **Plaintiff Fails To Allege Facts Sufficient To Overcome The Conclusive Presumption That The Trustee's Sale Was Held Fairly And Regularly**

To the extent plaintiff's claim attacks the legitimacy of the foreclosure process and,

accordingly, the resulting trustee's sale, "[a] properly conducted nonjudicial foreclosure sale

constitutes a final adjudication of the rights of the borrower and lender." *Moeller v. Lien*, 25 Cal.

App. 4th 822, 831 (1994). "As a general rule, a trustee's sale is complete upon acceptance of the

final bid." *Nguyen v. Calhoun*, 105 Cal. App. 4th 428, 440-41 (2003). "If the trustee's deed

recites that all statutory notice requirements and procedures required by law for the conduct of

the foreclosure have been satisfied, a rebuttable presumption arises that the sale has been

conducted regularly and properly; this presumption is conclusive as to a bona fide purchaser."

*Moeller*, 25 Cal. App. 4th at 831 (citations omitted).

"[T]he purposes of the nonjudicial foreclosure sale statutes are to protect the trustor

(debtor) from wrongful loss of the property and to provide a quick, inexpensive and efficient

remedy for creditors of defaulting debtors." *Id.* at 832. "The debtor is protected by notice

requirements, reinstatement and redemption periods and a right to postpone the sale." *Id.* "In

addition to the statutory purpose of balancing the rights and interests of the creditor and debtor,

the statutory scheme also evidences an intent that a properly conducted sale be a final

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1  adjudication of the rights of the creditor and debtor [citations] and the sanctity of title of a bona

2  fide purchaser be protected." *Id.*

3      In this case, the Trustee's Deed Upon Sale contained this recital:

4          All requirements of law regarding the mailing of copies of notices or the
           publication of a copy of the Notice of Default or the personal delivery of
5          the copy of the Notice of Default and the posting and publication of copies
           of the Notice of Sale have been complied with. [¶] Trustee, in compliance
6          with said Notice of Trustee's Sale and in exercise of its powers under said
           Deed of Trust…

7

8  (RJN Exh. K).

9      Thus, the sale is presumed to have been conducted fairly and regularly, in conformity

10 with all statutory notice requirements and procedures required by law for the conduct of the

11 foreclosure sale (including Civil Code §2923.5 and 2924). Plaintiff failed to allege any facts

12 rebutting this presumption.

13          **5.   PLAINTIFF'S CLAIMS UNDER THE NEWLY**

14              **ENACTED HBOR FAIL FOR A NUMBER OF REASONS**

15 **A.    Wells Fargo Is In Compliance With The National Mortgage Settlement And Is**

16 **Therefore Protected Under The Safe Harbor Provisions Of Civil Code § 2924.12**

17     California Civil Code § 2924.12 provides a safe harbor provision under the newly

18 adopted HBOR. Pursuant to § 2924.12, Civil Code § 2923.6 does not apply as long as Wells

19 Fargo is in compliance with the terms of the National Mortgage Settlement ("NMS"). A

20 signatory to the NMS who is in compliance with the NMS "shall have no liability for a violation

21 of Section 2923.55, 2923.6, 2923.7, 2924.9, 2924.10, 2924.11 or 2924.17" as long as the

22 signatory is in compliance with the relevant terms. Cal. Civ. Code § 2924.12(g); *see also*

23 *Winterbower v. Wells Fargo Bank, N.A.,* 2013 U.S. Dist. LEXIS 44087, *10-11 (C.D. Cal. Mar.

24 27, 2013).

25     Here, Wells Fargo is a signatory to the NMS. (A true and correct copy of the NMS is

26 attached t to the RJN as Exhibit Q). And the complaint is devoid of an allegation that Wells

27 Fargo failed to comply with the NMS. As such, Wells Fargo's participation in the NMS

28 insulates it from liability under the HBOR.

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

**B.**     <u>Plaintiff Is Not Entitled To Relief Under Civil Code § 2923.6 (2nd) Because She Did Not Comply With The Statutory Requirements</u>

Plaintiff's second claim for relief alleges that Wells Fargo violated California Civil Code § 2923.6 because Wells Fargo recorded a Notice of Default, recorded a Notice of Trustee's Sale and conducted a trustee's sale "while Plaintiff's first lien modification application was pending." (Compl. ¶33). Yet plaintiff cannot prevail on a claim under § 2923.6 here; not only is it preempted by HOLA, plaintiff fails to allege she complied with the statute.

Compliance with Civil Code § 2923.6 is conditioned upon the borrower having submitted a "complete application as defined in subdivision (h) of Section 2923.6." Civ. Code § 2923.55(a)(3). Subdivision (h) provides:

> For purposes of this section, an application shall be deemed "complete" when a borrower has supplied the mortgage servicer with all documents required by the mortgage servicer within the reasonable timeframes specified by the mortgage servicer.

Civil Code § 2924.10(b) defines a 'complete' loan modification application: "[A] borrower's first lien loan modification application shall be deemed to be 'complete' when a borrower has supplied the mortgage servicer with all documents required by the mortgage servicer within the reasonable timeframes specified by the mortgage servicer." Thus, there determination of what constitutes a "complete" application is made by the servicer, not the borrower.

Here, plaintiff alleges she submitted an application sometime in March or April 2013 (Compl. ¶34), but does not allege any facts showing that the application was "complete". She does not allege how Wells Fargo responded to this submission, e.g., a description of the loan modification process, whether it was deemed complete, any deadlines associated with the application, any deficiencies with the application. *See* Cal. Civ. Code § 2924.10(a). Instead, she alleges she has not received a determination on her application. (¶35). Since plaintiff fails to allege that Wells Fargo received a "complete" application, , there was nothing for Wells Fargo to deny under § 2923.6(f), so that provision, or the provision concerning appeal rights, did not apply.

1   Thus, this claim is fatally defective. Accordingly, for all of these reasons, in addition to

2   being preempted, plaintiff's second claim for violation of Civil Code section 2923.6 fails and

3   should be dismissed without leave to amend.

4   **C.**   **Plaintiff's Civil Code § 2923.7 Claim (3rd) Fails Because The Allegations Are**

5   **Meritless**

6   Plaintiff alleges that Wells Fargo violated California Civil Code § 2923.7, which

7   mandates a single point of contact ("SPOC"). Here, as briefed above, the HBOR is not

8   applicable to plaintiff's claims for a violation of Civil Code § 2923.7, as the statute is preempted

9   by HOLA. Moreover, lenders and loan servicers are not required to volunteer a single point of

10  contact to every single borrower. Borrowers must affirmatively request a "single point of

11  contact." The statute states that "[u]pon request from a borrower who requests a foreclosure

12  prevention alternative, the mortgage servicer shall promptly establish a single point of contact

13  and provide to the borrower one or more direct means of communication with the single point of

14  contact." Cal. Civ. Code § 2923.7(a).

15  Here, the complaint lacks any facts that plaintiff ever requested a single point of contact

16  for her application. (*See* Compl. ¶¶40-49). Regardless, plaintiff admits she had a single point of

17  contact, but complains that the SPOC did not timely return her calls or adequately inform

18  plaintiff of the current status of the foreclosure. (¶¶44-45). There is no requirement under

19  Section 2923.7 that the SPOC "communicate" with plaintiff via the telephone. Plaintiff also

20  complains that this single point of contact did not "contact an individual with the ability to stop

21  the trustee sale", though there was no allegation that this SPOC was required to contact anyone,

22  especially as plaintiff does not allege she submitted a completed application. (¶54).

23  **6.   PLAINTIFF'S FOURTH CLAIM FOR VIOLATION**

24  **OF BUS. & PROF. CODE §17200 IS FLAWED AS WELL**

25  **A.   Plaintiff Fails To Allege Unlawful, Unfair or Fraudulent Conduct**

26  Incorporating her previous allegations, plaintiff claims that defendant's violations of

27  California Civil Code § 2924, § 2923.6, and § 2923.7 amounts to a violation of California

28  Business & Professions Code §17200 ("UCL"). (Compl. ¶¶52-54).

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1        The UCL precludes any unlawful, unfair, or fraudulent business act or practice.  The

2 UCL "borrows" violations of other laws and authorizes a separate action pursuant to the UCL.

3 *See Farmers Ins. Exch. v. Super. Ct.*, 2 Cal. 4th 377, 393 (1992); *Nguyen v. Wells Fargo Bank,*

4 *N.A.*, 749 F. Supp. 2d 1022 (N.D. Cal 2010) ("This cause of action is derivative of some other

5 illegal conduct or fraud committed by a defendant, and a plaintiff must state with reasonable

6 particularity the facts supporting the statutory elements of the violation").  Thus, a Section 17200

7 claim "cannot be used to state a cause of action the gist of which is absolutely barred under some

8 other principle of law."  *Stop Youth Addiction, Inc. v. Lucky Stores, Inc.*, 17 Cal. 4th 553, 566

9 (1998); *Cel-Tech Communications, Inc. v. Los Angeles Cellular Telephone Co.*, 20 Cal. 4th 163

10 (1999) ("A court may not allow a plaintiff to 'plead around an absolute bar to relief simply by

11 recasting the cause of action as one for unfair competition.'").  To bring a claim under the UCL,

12 plaintiff "must have suffered an injury in fact and lost money or property as a result of … alleged

13 unfair or fraudulent practices."  Cal. Bus. & Prof. Code § 17204; *Clayworth v. Pfizer, Inc.*, 49

14 Cal. 4th 758, 788 (2010).

15        Here, the UCL claim should be dismissed because plaintiff relies on defective statutory

16 and common law claims in the complaint to support the UCL claim.  As noted herein, all of

17 plaintiff's claims are deficient.  Since the UCL claim relies on defective statutory and common

18 law claims, the claims are not saved by recasting them as claims for unfair competition.

19 **B.**     <u>**Plaintiff Lacks Standing To State A Claim**</u>

20        "In order to have standing to sue under section 17204, it is not enough for a private

21 person to have suffered an injury in fact.  Nor is it enough to establish standing if one has lost

22 money or property.  After Proposition 64, a private person has standing to sue under the UCL

23 only if that person has suffered injury and lost money or property 'as a result of such unfair

24 competition.' (§ 17204, italics added.)  Thus, a private person has no standing under the UCL

25 unless that person can establish that the injury suffered and the loss of property or money

26 resulted from conduct that fits within one of the categories of 'unfair competition' in section

27 17200."  *Daro v. Superior Court*, 151 Cal. App. 4th 1079, 1098 (2007).

28        Here, plaintiff has not alleged an injury in fact and a loss of money or property caused by

1   any conduct of Wells Fargo in violation of the UCL.  Indeed, any injury and loss would have

2   been caused by plaintiff's failure to make the mortgage payments as promised.  In a similar

3   situation, the Court in *DeLeon v. Wells Fargo Bank, N.A.*, 2011 U.S. Dist. LEXIS 8296 (N.D.

4   Cal. Jan. 28, 2011), held that the borrowers did not state a claim for violation of UCL:

5   > The Court cannot reasonably infer that Wells Fargo's alleged
    > misrepresentations resulted in the loss of Plaintiffs' home.  Rather, the facts
6   > alleged suggest that Plaintiffs lost their home because they became unable
    > to keep up with monthly payments and lacked the financial resources to
7   > cure the default.  Although the Court understands Plaintiffs' frustrations
    > with Wells Fargo's seemingly contradictory statements and actions, it does
8   > not appear that this conduct resulted in a loss of money or property.

9   *Id.* at *19-22; *see also Hamilton v. Greenwich Investors XXVI, LLC*, 195 Cal. App. 4th 1602,

10  1616-17 (2011), the Court of Appeal rejected the plaintiffs' attempt to state a section 17200

11  claim based on an alleged violation of Civil Code section 2923.5 and stated "…plaintiffs cannot

12  properly allege they lost money or property 'as a result of' defendants' alleged violation of

13  section 2923.5 (Bus. & Prof. Code, § 17204)…").  Similarly, here, plaintiff has no actual loss

14  because she borrowed money from Wells Fargo and has not repaid the loan.  Accordingly, the

15  fourth claim should be dismissed without leave to amend.

16  ### 7.   PLAINTIFF'S DAMAGES CLAIM FAILS TO

17  ### MEET THE PLEADING STANDARDS OF RULE 8

18  Plaintiff's claim for damages under Civil Code §§ 2923.4, 2923.6, 2923.7 and Business

19  & Professions Code § 17200 are vague and fail to meet the specificity requirement of Rule 8.

20  (*See* Compl. ¶¶26, 39, 49, 57).  Rule 8 of the Federal Rules of Civil Procedure requires some

21  meaningful factual information to be alleged for a claim to survive a Rule 12(b)(6) motion.  As

22  stated in *Ashcroft v. Iqbal*, 129 U.S. 1937, 1949 (2009):

23  > [T]he pleading standard Rule 8 announces does not require "detailed
    > factual allegations," but it demands more than an unadorned, the-
24  > defendant-unlawfully-harmed-me accusation.  [citation].  A pleading that
    > offers "labels and conclusions" or "a formulaic recitation of the elements
25  > of cause of action will not do." [citation].  Nor does a complaint suffice if
    > it tenders "naked assertions" devoid of "further factual enhancement."

26

27  To survive a motion to dismiss under this standard, "a complaint must contain sufficient

28  factual matter, accepted as true, to state a claim for relief that is plausible on its face."  *Iqbal*, 129

1  U.S. at 1949.  Coupled with the decision in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007),

2  pleading requirements are now sharpened.  Taken together, these cases establish that a plaintiff

3  must "allege enough facts to state a claim to relief that is plausible on its face;" in other words,

4  the standard became "plausible," not "conceivable."  *Twombly*, 550 U.S. at 557.

5       The complaint in this case falls well short of this standard.  It consists of only a generic

6  statement of damages and contains no factual allegations that support any claim of "actual

7  economic damages" as a result of any action by Wells Fargo.  *Iqbal* at 1949-50; (*see* Compl.

8  ¶¶26, 39, 49, 57).  As such, the complaint does not meet the Rule 8 standards and must be

9  dismissed.

10                          **8.  <u>CONCLUSION</u>**

11      For the foregoing reasons, Wells Fargo respectfully requests that the Court grant the

12  motion in its entirety without leave to amend.

13                                                   Respectfully submitted,

14  Dated:  January 13, 2014                  ANGLIN, FLEWELLING, RASMUSSEN,
                                              CAMPBELL & TRYTTEN LLP
15

16                                            By:      */s/ E. Christine Hehir*
17                                                  E. Christine Hehir
                                                   chehir@afrct.com
18                                            Attorneys for Defendant WELLS FARGO BANK,
                                              N.A., successor by merger with Wells Fargo Bank
19                                            Southwest, N.A., formerly known as WACHOVIA
                                              MORTGAGE, FSB, formerly known as World
20                                            Savings Bank, FSB ("Wells Fargo")

21

22

23

24

25

26

27

28

1

**CERTIFICATE OF SERVICE**

2

3    I, the undersigned, declare that I am over the age of 18 and am not a party to this action. I am employed in the City of Pasadena, California; my business address is Anglin, Flewelling, Rasmussen, Campbell & Trytten LLP, 199 S. Los Robles Avenue, Suite 600, Pasadena, California 91101-2459.

4

5    On the date below, I served a copy of the foregoing document entitled:

6    **DEFENDANT WELLS FARGO BANK, N.A.'S NOTICE OF MOTION
     AND MOTION TO DISMISS THE COMPLAINT PURSUANT TO
7    F.R.C.P. RULE 12(b)(6); MEMORANDUM OF POINTS AND AUTHORITIES**

8    on the interested parties in said case as follows:

9            **Served Electronically Via the Court's CM/ECF System:**

10                  *Counsel for Plaintiff:*

11                  Matthew D. Mellon
                    Eunji Cho
12                  Sara E. Adelaars
                    MELLEN LAW FIRM
13                  411 Borel Avenue, Suite 230
                    San Mateo, CA 94402
14          Tel: (650) 638-0120 | Fax: (650) 638-0125

15

16    I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. I declare that I am employed in the office of a member of the
17    Bar of this Court, at whose direction the service was made. This declaration is executed in Pasadena, California on **January 13, 2014**.

18

19    _____          _____
         Christine Daniel                            */s/ Christine Daniel*
20       (Type or Print Name)                      (Signature of Declarant)

21

22

23

24

25

26

27

28