UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CHARLOTTE PENERMON,
                        Plaintiff,
            v.

WELLS FARGO HOME MORTGAGE,
                        Defendant.

Case No.  14-cv-00065-KAW

ORDER GRANTING IN PART AND
DENYING IN PART DEFENDANT'S
MOTION TO DISMISS PLAINTIFF'S
SECOND AMENDED COMPLAINT

Dkt. No. 43

On July 17, 2014, Defendant Wells Fargo Bank, N.A. filed a motion to dismiss Plaintiff Charlotte Penermon's second amended complaint alleging that Wells Fargo violated the California Homeowner Bill of Rights (hereafter "HBOR").

Upon review of the moving papers, the Court finds this matter appropriate for resolution without further briefing or oral argument pursuant to Civil Local Rule 7-1(b), and GRANTS IN PART AND DENIES IN PART Wells Fargo's motion to dismiss.

## I.    BACKGROUND

On February 12, 2008, Plaintiff Charlotte Penermon refinanced her mortgage loan, secured by a deed of trust, with Wachovia Mortage, FSB ("Wachovia") for the Subject Property located at 4533 San Carlos Ave., Oakland, California.  (Pl.'s Second Am. Compl., "SAC," Dkt. No. 33 ¶ 8.) In 2009, Wachovia merged with Defendant Wells Fargo.  *Id.*

Plaintiff asserts that in January 2013, due to deteriorating health conditions, she sent Wells Fargo an authorization to release information to her son, Enrico Penermon ("Enrico") so that he could communicate with Wells Fargo on her behalf.  (SAC ¶ 9.)

In February 2013, Enrico allegedly contacted Wells Fargo to request a loan modification, and Plaintiff was assigned a single point of contact ("SPOC"), Britni Ridge, as her Wells Fargo

Home Mortgage home preservation specialist.  (SAC ¶¶ 10-11.)  On March 14, 2013, Plaintiff received a letter from Britni Ridge with a loan modification application, which stated that during the review period, Plaintiff's home would not be referred to foreclosure or sold at a foreclosure sale.  (SAC ¶ 12.)  The letter also provided that if Plaintiff did not qualify for a loan modification, Wells Fargo would work with Plaintiff to explore other options available.  *Id.*

In April 2013, Enrico sent in the loan modification application along with the required documents to Wells Fargo. (SAC ¶¶ 13, 39.)  Despite this submission, Wells Fargo never acknowledged receipt of the application, and Plaintiff never received a written determination regarding the loan modification application.  (SAC ¶13.)  Plaintiff further alleges that after the submission of the loan modification application, Enrico attempted to contact SPOC Ridge numerous times, and left her several messages, to inquire about the status of the modification application.  (SAC ¶ 14.)  SPOC Ridge, however, never returned any of Enrico's calls. *Id.*  After not receiving any response from SPOC Ridge, Enrico called Wells Fargo and spoke with another Wells Fargo representative, at which time he was informed that SPOC Ridge was the assigned single point of contact and that she would get back to him with the result of the modification application.  (SAC ¶ 15.)

Plaintiff also alleges that in April 2013, Enrico called Wells Fargo to make a single payment, but the Wells Fargo representative refused to take the payment unless it was for the entire amount owed, which, according to the representative, was approximately $3,000.  (SAC ¶ 16.)

On May 20, 2013, a Notice of Default ("NOD") was recorded with the Alameda County Recorder's Office.  (Def.'s Req. for Judicial Notice, "RJN," Dkt. No. 42, Ex. H.)  According to the NOD, Plaintiff owed $9,441.65 as of May 16, 2013. Id.  Plaintiff, however, asserts that she made, and Defendant accepted, payments until February 2013.  (SAC ¶ 17.)  Plaintiff also believes that the amount listed on the NOD was incorrect, since the Wells Fargo representative informed Enrico that Plaintiff owed $3,000 in April and one month later, the NOD provided that she owed $9,441.65 when the mortgage payment was approximately $1,400 a month. *Id.*

1    On August 23, 2013, Plaintiff received a Notice of Trustee's Sale with a scheduled sale

2    date of September 10, 2013.  (SAC ¶ 19.)  On September 30, 2013, a Trustee's Deed Upon Sale

3    was recorded with the Alameda County Recorder's Office. (RJN, Ex. K.)

4    On December 4, 2013, Plaintiff filed this action in Alameda County Superior Court.  On

5    January 6, 2014, Wells Fargo removed the case to federal court.  On January 13, 2014, Wells

6    Fargo filed a motion to dismiss the initial complaint.

7    Instead of opposing Wells Fargo's initial motion to dismiss, Plaintiff filed a first amended

8    complaint on February 3, 2014.  (Dkt. No. 12.)  Plaintiff's amended complaint alleges seven

9    causes of action: (1) Violation of Cal. Civ. Code § 2924; (2) Violation of Cal. Civ. Code §

10    2924.17; (3) Violation of Cal. Civ. Code § 2923.6; (4) Violation of Cal. Civ. Code § 2923.7; (5)

11    Violation of Cal. Civ. Code § 2924.10; (6) Negligence; and (7) Unfair Business Practices -

12    Violation of Business and Professions Code § 17200 et. seq.  The second through fifth causes of

13    action are for violations of the California Homeowner Bill of Rights (collectively referred to as the

14    "HBOR claims"), which went into effect on January 1, 2013.

15    On February 24, 2014, Wells Fargo filed a motion to dismiss the first amended complaint

16    asserting, among other arguments, that Plaintiff's HBOR claims are preempted by the Home

17    Owners' Loan Act ("HOLA").  (Dkt. No. 14.)

18    On June 11, 2014, the Court granted in part and denied in part Wells Fargo's motion to

19    dismiss Plaintiff's first amended complaint, finding that HOLA did not preempt Plaintiff's HBOR

20    claims and dismissed the first, third, and sixth causes of action with leave to amend. (6/11/14

21    Order, Dkt. No. 31.)

22    On June 25, 2014, Plaintiff filed her second amended complaint consisting of the same

23    seven causes of action. (Second Am. Compl., "SAC," Dkt. No. 33.)

24    On July 17, 2014, Wells Fargo filed a motion to dismiss the second amended complaint.

25    (Def.'s Mot. to Dismiss the Second Am. Compl., "Def.'s Mot.," Dkt. No. 43.)  On July 31, 2014,

26    Plaintiff filed her opposition. (Pl.'s Opp'n, Dkt. No. 44.)  On August 8, 2014, Wells Fargo filed its

27    reply. (Def.'s Reply, Dkt. No. 45.)

28    ///

## II.   LEGAL STANDARD

**A.   Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6)**

Under Federal Rule of Civil Procedure 12(b)(6), a party may file a motion to dismiss based on the failure to state a claim upon which relief may be granted.  A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the claims asserted in the complaint.  *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).

In considering such a motion, a court must "accept as true all of the factual allegations contained in the complaint," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (citation omitted), and may dismiss the case or a claim "only where there is no cognizable legal theory" or there is an absence of "sufficient factual matter to state a facially plausible claim to relief." *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009); *Navarro*, 250 F.3d at 732) (internal quotation marks omitted).

A claim is plausible on its face when a plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 678 (citation omitted).  In other words, the facts alleged must demonstrate "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

"Threadbare recitals of the elements of a cause of action" and "conclusory statements" are inadequate.  *Iqbal*, 556 U.S. at 678; *see also Epstein v. Wash. Energy Co.*, 83 F.3d 1136, 1140 (9th Cir. 1996) ("[C]onclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim.").  "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully . . .  When a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557) (internal citations omitted).

Generally, if the court grants a motion to dismiss, it should grant leave to amend even if no request to amend is made "unless it determines that the pleading could not possibly be cured by

the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (citations omitted).

**B.   Request for Judicial Notice**

As a general rule, a district court may not consider any material beyond the pleadings in ruling on a 12(b)(6) motion to dismiss for failure to state a claim. *Lee v. City of Los Angeles,* 250 F.3d 668, 688 (9th Cir. 2001).  A district court may take notice of facts not subject to reasonable dispute that are "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b); *United States v. Bernal–Obeso,* 989 F.2d 331, 333 (9th Cir. 1993).  "[A] court may take judicial notice of 'matters of public record,'" *Lee*, 250 F.3d at 689 (citing *Mack v. S. Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986)), and may also consider "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading" without converting a motion to dismiss under Rule 12(b)(6) into a motion for summary judgment.  *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994), overruled on other grounds by *Galbraith v. Cnty. of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002).  The court need not accept as true allegations that contradict facts which may be judicially noticed.  *See Mullis v. United States Bankruptcy Ct.*, 828 F.2d 1385, 1388 (9th Cir. 1987).

**III.   DISCUSSION**

**A.   Request for Judicial Notice**

As a preliminary matter, Wells Fargo asks that the Court take judicial notice of a number of documents in support of its motion to dismiss.  (Req. for Judicial Not., "RJN," Dkt. No. 42.) The documents are purportedly true and correct copies of: A) Adjustable Rate Mortgage Note, dated February 12, 2008; B) a Deed of Trust recorded with the Alameda County Recorder's Office on February 21, 2008; C) a Certificate of Corporate Existence dated April 21, 2006 issued by the Office of Thrift Supervision certifying that World Savings Bank, FSB, is a federal savings bank; D) a letter dated November 19, 2007 issued by the Office of Thrift Supervision authorizing a name change from World Savings Bank, FSB to Wachovia Mortgage, FSB; E) the Charter of Wachovia Mortgage, FSB; F) Official Certification of the Comptroller of the Currency stating that effective

United States District Court
Northern District of California

United States District Court
Northern District of California

1   November 1, 2009, Wachovia Mortgage, FSB converted to Wells Fargo Bank Southwest, N.A.,

2   which then merged with and into Wells Fargo Bank, N.A.; G) Printout form the website of the

3   Federal Deposit Insurance Corporation, dated September 2, 2010, showing the history of

4   Wachovia Mortgage, FSB; H) Notice of Default and Election to Sell Under Deed of Trust, dated

5   May 16, 2013, and recorded with the Alameda County Recorder on May 20, 2013; I) Substitution

6   of Trustee, dated May 1, 2013, and recorded with the Alameda County Recorder on May 16,

7   2013; J) Notice of Trustee's Sale Trust, dated August 21, 2013, and recorded with the Alameda

8   County Recorder on August 23, 2013; K) Trustee Deed upon Sale dated September 24, 2013, and

9   recorded with the Alameda County Recorder on September 30, 2013.

10       Plaintiff did not file an opposition to Defendant's request for judicial notice, and so

11   Plaintiff is not deemed to dispute the authenticity of any of the exhibits.  Exhibit A is a copy of the

12   Adjustable Rate Mortgage Note that is referred to in the first amended complaint. Since Plaintiff

13   has not questioned the authenticity of this copy, the Court will take judicial notice of it.

14       Exhibits B and H through K are true and correct copies of official public records, whose

15   authenticity is capable of accurate and ready determination by resort to sources whose accuracy

16   cannot reasonably be questioned. See Fed. R. Evid. 201(b).

17       As for Exhibits C through G, Defendant argues that they are appropriate for judicial notice

18   because they reflect the official acts of the executive branch of the United States government. The

19   California Evidence Code provides that judicial notice is proper for documents that reflect the acts

20   of executive agencies of the United States government. *See* California Evidence Code§ 452(c)

21   (judicial notice may be taken of official acts of the legislative, executive or judicial departments).

22   As Plaintiff has not objected to the authenticity of these exhibits, the Court will take judicial notice

23   of them.

24       Accordingly, the Court GRANTS Wells Fargo's request for judicial notice.

25   ///

26   ///

27   ///

28   ///

**B.    Motion to Dismiss**

Wells Fargo seeks the dismissal of Plaintiff's first, third, and sixth causes of action.

**i.    California Civil Code Section § 2924**

The Court dismissed Plaintiff's first cause of action for wrongful foreclosure with leave to amend to identify the applicable statutory authority for the recovery of monetary damages for a violation of § 2924. (6/11/14 Order at 17-18.)  Thereafter, Plaintiff amended her first cause of action to allege that Wells Fargo interfered with her right to reinstate her loan in violation of § 2924c. (SAC ¶ 24.)

Wells Fargo argues that this amendment does not cure the deficiencies, because there are no statutory damages. (Def.'s Mot at 4, 7.)  Since the foreclosure sale has been completed, the only damages available are rescission and loss of equity, both of which require that Plaintiff alleges the ability to tender the arrears and the principal loan balance.  Plaintiff is not seeking to set aside the foreclosure sale. (Pl.'s Opp'n at 5.)  In both the operative complaint and the opposition, however, Plaintiff conflates the tender requirement and paying the arrears as required for reinstatement. (Pl.'s Opp'n at 4-8; SAC ¶¶ 25-26.)  They are not the same.  Any allegations that Wells Fargo interfered with her right to reinstate her loan by providing an incorrect amount of arrears in the Notice of Default relate to her second cause of action for violation of California Civil Code § 2924.17.

Accordingly, the Court dismisses the first cause of action without leave to amend.

**ii.    California Civil Code Section § 2923.6**

Plaintiff amended her third cause of action for dual tracking to allege that her loan modification application was complete. (SAC ¶ 38.)  In her second amended complaint, Plaintiff specifically alleges that, "in or around April 2013," Enrico submitted "a complete loan modification application by supplying Defendant with all of the requested documents required by Defendant within a reasonable time frame – less than one month after receiving the list of the required documents." (SAC ¶ 39.)

Wells Fargo contends that Plaintiff's failure to define what reasonable time frame Wells Fargo specified, and that she met the deadline, renders the claim deficient. (Def.'s Mot. at 8.)  The

Court disagrees.  Despite not providing the exact date of submission, Plaintiff has sufficiently alleged that she submitted a complete application and that she did so within one month of receipt of the list of requested documents.  This is sufficient to survive the pleadings stage.

### iii.   Negligence

Plaintiff amended her sixth cause of action to allege that Wells Fargo owed a duty to exercise ordinary care in processing Plaintiff's loan modification application. (SAC ¶ 63.)  Wells Fargo again argues that it did not owe a duty of care because lenders do not owe a duty of care in processing loan modification applications. (Def.'s Mot. at 8-9.)

In its reply, Wells Fargo cites to the unpublished Ninth Circuit opinion in *Benson v. Ocwen Loan Servicing, LLC*, 562 F. App'x 567, 570 (9th Cir. 2014), which relied heavily on *Lueras v. BAC Home Loans Servicing, LP*, 221 Cal. App. 4th 49, 63 (2013), in its finding that a lender owed no duty of care. (Def.'s Reply at 10.)  As an initial matter, since *Benson* is unpublished, it is not binding. 9th Cir. R. 36-3(a).  Further, *Lueras* reiterates that the general rule is that the lender owes no duty of care, but "[w]hether a duty of care exists is a question of law to be determined on a case-by-case basis." *Lueras,* 221 Cal. App. 4th at 62 (citing Parsons v. Crown Disposal Co., 15 Cal.4th 456, 472 (1997)).  Moreover, the foreclosure in *Lueras* occurred before the enactment of HBOR, so there was no requirement to explore foreclosure alternatives. *Id.* at 67.  In the pre-HBOR context, the lender in *Lueras* owed no duty of care to the borrower who does <u>not</u> submit a loan modification application. *Id.* at 62-63. Thus, *Lueras* and *Benson* are inapposite.

This is not to say that Ms. Penermon was entitled to a loan modification, she was not. Rather, once Wells Fargo provided Plaintiff with the loan modification application and asked her to submit supporting documentation, it owed her a duty to process the completed application once it was submitted.

Accordingly, Defendant's motion to dismiss the negligence claim is denied.

### IV.   CONCLUSION

In light of the foregoing, Defendant Wells Fargo's motion to dismiss is GRANTED IN PART AND DENIED IN PART.  Plaintiff's first cause of action is dismissed without leave to amend.  Plaintiff's remaining causes of action survive.

United States District Court
Northern District of California

1    Wells Fargo shall file its answer to the second amended complaint within 14 days of this

2  order.

3    IT IS SO ORDERED.

4  Dated: August 28, 2014

5

6  KANDIS A. WESTMORE
   United States Magistrate Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California